ROBERT HOSKINSON

v

CENTRAL VT. RD. CO.*

WINDHAM COUNTY, JANUARY TERM, 1893.

Before : TAFT, ROWELL, TYLER AND MUNSON, JJ.

*Pleading. Certainty of description in tort. Motion in arrest. Objection to admission of testimony. Fire communicated from engine. Evidence.*

1. In actions for injury to personal property no greater certainty of description is required than the nature of the articles will conveniently admit of.

2. No question as to such want of certainty can be raised by an objection to the admission of evidence which could not be taken by motion in arrest.

3. In an action for the burning of the plaintiff's buildings and contents by fire communicated from the defendant's locomotives, a description of the property destroyed as the plaintiff's " dwelling house, sheds and barns, together with the contents thereof, consisting of household furniture, family wearing apparel, provisions, fuel, farming utensils, hay, grain and fodder, all of the value of five thousand dollars," is sufficient to sustain a recovery for whatever is clearly within any class of property enumerated.

4. In actions for the destruction of property by fire communicated from the locomotives of the defendant, where the particular engine setting the fire cannot be identified, evidence of the general behavior of the defendant's engines in respect to the throwing of fire upon that portion of the line within a reasonable time before the occurrence is admissible.

*This case was heard at the Windham county term by agreement.

5. There being no direct evidence that the fire was set by sparks from an engine, the plaintiff may show that upon a previous occasion live cinders had been thrown over the buildings and had set fires upon the farther side, as tending to show that fires might be communicated at that distance from the track.

6. The plaintiff produced a schedule of certain property and testified that he had lost the articles enumerated, and the paper was admitted as a part of his testimony. Upon cross-examination it appeared that the plaintiff himself had no knowledge as to many of the articles, the list having been made with the assistance of his wife, who was not a witness. *Held*, that this paper was properly submitted to the jury against the objection of the defendant, and that if the defendant desired any further instructions in regard to it, they should have been brought to the attention of the court.

Case to recover the value of certain property alleged to have been destroyed by fire communicated from the locomotive engines of the defendant. Plea, the general issue. Trial by jury at the March term, 1892, Rutland county, Ross, C. J., presiding. Verdict and judgment for the plaintiff.

The plaintiff claimed to recover for the destruction of his house, barns and their contents. There was no direct evidence as to how the fire originated, but the testimony of the plaintiff tended to show that soon after the passage of one of the defendant's freight-trains, fire was discovered in the gable end of the barn nearest the tracks, from which it spread and consumed the other buildings. The barn in question was one hundred twenty-five feet distant from the tracks and its foundations were twenty-five feet above the level of the track.

The description of the property in the declaration was as follows :

"A certain dwelling-house, sheds and barns, together with the contents thereof, consisting of household furniture, family wearing apparel, provisions, fuel, farming utensils,

hay, grain and fodder, all of the value of five thousand dollars."

Upon the trial the plaintiff produced a schedule containing an itemized list of the various articles of property alleged to have been destroyed, with the value of each. The defendant insisted that under the general description in the declaration, the plaintiff was not entitled to recover for any of the personal property, and objected to the admission of any and all evidence relating to the loss or value of the articles of personal property mentioned in the schedule, or of any personal property alleged to have been destroyed. The court overruled the objection and admitted evidence of the loss of the various articles of personal property mentioned in the schedule with their respective values, to which the defendant excepted.

The plaintiff testified in chief that he had lost by the fire in question the articles of property mentioned in said schedule, and that the values carried out in said schedule were the correct values. There was no other testimony as to the loss or value of the personal property, except that of the plaintiff. The schedule was admitted, not as independent evidence, but in connection with the testimony of the plaintiff. Upon cross-examination the plaintiff testified that said schedule was made soon after the fire, by himself and his wife; that he himself had no personal knowledge in respect of many items therein contained, such as family wearing apparel, household supplies and minor articles of household furnishings, but that he and his wife had intended to set down correctly the articles lost and the values of such articles. Upon re-examination he testified that he had a general knowledge of the articles of personal property so destroyed and the value of the same.

The defendant objected that this schedule ought not to go to the jury. This objection the court overruled and permitted the schedule to go to the jury, to which the defend-

ant excepted.   At the time of admitting it, the court said
that it might be admitted as a bill of particulars, but made
no further reference to it during the trial, except in the fol-
lowing extracts from the charge :

"You will determine what the fair cash value of the
buildings was, and the testimony then is that there was the
household furniture and the clothing of the family and the
family supplies.   I think all the items that are included in
the specification came fairly within the description, and it is
for you to say whether the plaintiff has established that he
lost all this property, and what its fair value is.

"It is for the jury to say, when they weigh all the evi-
dence, whether the opinion of this plaintiff is as fair as any
as to the value of this property.   He says some of it was
made up with the assistance of his wife ; that he did not
have much knowledge of it himself, and he has testified to
you how he got at the articles destroyed and the value of
them, and you have heard his testimony.   You will take
that and you will look over the list of the property itself.
And it was property mostly that had been used, as I under-
stood, in the family, what we should call second-hand
property, and you will see what he has established by a fair
balance of testimony was the value of his property, and for
such sum as will cover the fair value of the property de-
scribed and the buildings burned, and this property that is
described and specified so far as he has shown you, and
satisfied you it was consumed by this fire, he is entitled to
recover what will fairly compensate him, what it is fairly
worth, its fair cash value."

As tending to show that cinders might be carried this dis-
tance the plaintiff, in opening his case, introduced evidence
that beyond the barn and some distance from it, was an
awning, and that previous to the time of the fire in question
cinders had fallen upon and burnt through this awning,
which must have come from the locomotives of the defend-
ant over the barn and house.   There was no evidence tend-
ing to show that the cinders which burnt the awning were
thrown by the same engines which were claimed to have set
the fire in question, nor as to the conditions under which ·

they were thrown to that distance; except it appeared that these same engines which were running over the road at the time of the fire were being used when the fires were set to the awning. To the admission of this testimony the defendant objected and excepted.

*C. A. Prouty* and *C. W. Witters* for the defendant.

In actions of tort for the loss of personal property the property must be described with *convenient* certainty. In this case the pleader should at least have stated the quantity of hay, grain and fodder. Gould, Pl., ch. 4, s. 35.

Evidence of the fact that fire was communicated to the awning was improperly admitted. A single instance of that kind could not show habitual negligence upon the part of the defendant, nor that their engines were habitually out of repair. 2 Shear & Red., Neg., s. 675; *Smith* v. *Old Colony Rd. Co.*, 10 R. I. 22; *Henderson* v. *Philadelphia & Reading Rd. Co.*, 144 Pa. 461.

*L. M. Read* and *Geo. E. Lawrence* for the plaintiff.

The description was sufficiently definite. Chitty's Pl., 378.

Advantage could not be taken of this defect by an objection to the admission of the evidence. *Barney* v. *Bliss*, 2 Aik. 60; *Fuller* v. *Fuller*, 4 Vt. 129; *Chase* v. *Holton*, 11 Vt. 347; *Baxter* v. *Turnpike Co.*, 22 Vt. 114; *Dyer* v. *Tilton*, 23 Vt. 313; *Allen* v. *Parkhurst*, 10 Vt. 557; *Newman* v. *Wait*, 46 Vt. 689.

Evidence that the awning was set on fire was properly admitted. *Seldon* v. *Hudson River Rd. Co.*, 14 N. Y. 218; *Field* v. *N. Y. Cent. Rd. Co.*, 32 N. Y. 339; *Cleveland* v. *Grand Trunk Rd. Co.*, 42 Vt. 449.

MUNSON, J. In actions to recover damages for the in-

jury or destruction of personal property no greater certainty in description is required. than the nature of the articles will conveniently admit of. Gould, ch. 4, s. 33. But it is generally necessary to state the quantity or number of the goods in respect of which the loss is alleged to have been sustained. Gould, ch. 4, s. 35; 1 Chit. Plead., 377. It is said, however, that even this may be dispensed with when the subject matter of the suit embraces a multiplicity of particulars. Gould, ch. 4, s. 36. In the section last cited there is the following special application of this rule :

"In an action for the loss of goods by the burning of the plaintiff's house, the goods may be described by the simple denomination of 'goods,' without any designation of their quantity or kind; and it seems that in such a case the words 'divers goods' would be sufficient."

A reference to some of the cases from which these rules have been deduced will aid us in determining the sufficiency of the description now in question. It was held in Emery's case, cited in 1 Vent. 114, that in declaring for the conversion of books it was sufficient to describe the property as "a library of books"; and the adequacy of a description of this character in the case of such property has since been uniformly recognized. Gould, ch. 4, s. 36; 1 Chit. Plead., 378; Steph. Plead., 349. Similar descriptions of other personal chattels have been held sufficient in actions of tort for the recovery of damages, both before and after verdict. In trover for a parcel of diamonds, there having been judgment for the plaintiff, it was insisted in error that the case should be distinguished from one where the allegation covered the wrappings and cords of the parcel, and that inasmuch as each diamond was distinct the suit should have been for so many diamonds; but the court thought otherwise and affirmed the judgment. *White* v. *Graham*, 2 Strange 827. In trover for "old iron," after verdict for the plaintiff, it was urged in arrest of judgment that the description was too uncertain; but the court could think of no way in which it

could be made more certain, unless it were by stating some number of pounds, and held this unnecessary and so discharged the rule.   *Talbott* v. *Spear*, Willes Rep. 70.   In trespass for breaking and entering the plaintiff's house, and taking and carrying away " divers quantities of china ware, earthern ware and linen," without setting forth the particulars, the declaration was held sufficient on motion in arrest after default suffered.   *Hobbs* v. *Greene*, Barnes 276.   In case for the negligent management of fire by means of which the plaintiff's barn was burnt and " divers goods " lost, it was held on motion in arrest that " divers goods " was sufficient.   *Prior* v. *Tufts*, 1 Keb. 825.

The declaration in this case alleges the destruction by fire of the plaintiff's " dwelling house, sheds and barns, together with the contents thereof, consisting of household furniture, family wearing apparel, provisions, fuel, farming utensils, hay, grain and fodder, all of the value of five thousand dollars."   The defendant claimed on trial that under this general description the plaintiff was not entitled to recover for any personal property, and objected to the evidence offered to establish the loss and value of the articles claimed to have been destroyed, and insisted that the plaintiff's right to recover therefor should not be submitted to the jury.   It is now urged that while the plaintiff might be excused from setting forth every article of household furniture or wearing apparel, he could easily have stated the quantity of the hay, grain and fodder alleged to have been destroyed, and therefore was required to do so.   We shall dispose of the question thus presented without considering whether the defect claimed is one that can be taken advantage of by an objection to the evidence.   It is certain that an objection to the evidence cannot entitle the defendant to have the declaration tested by a more stringent rule than would be applied upon a motion in arrest of judgment. The defendant cannot be permitted to go to trial without

having demurred to the declaration, and defeat the result of the trial for any defect of the declaration not sufficient to sustain a motion in arrest. So the question for decision is, whether the description of any class of property is so defective that no proof of the destruction of any property of that class should have been received or submitted to the jury; and the matter is to be determined by the same rules that would have governed if the defect had been called in question by a motion in arrest. This being so, all the cases above cited are of authority upon the matter in issue; and the extract from Gould, even if questioned in its application to demurrers, must be accepted as applicable here.

The allegations of this declaration show a cause of action without the aid of any inference or intendment. They charge a wrongful destruction by the defendant of the plaintiff's personal property of the different kinds stated. The destruction of a single article or of the least appreciable amount of any of the kinds stated gives a right of action. The only defects that can be claimed are the failure to give a more minute classification, and to state the number or amount of each class. The property alleged to have been destroyed is specified, but not with particularity or limitation. So the defect is at most but an uncertainty of description; and any mere uncertainty in the declaration, if not otherwise cured, is made good by the verdict. An application of this rule to defects like the one now insisted upon is not without precedent in our own state. In actions to enforce statutory penalties and official liabilities, this court has held that the failure to enumerate the personal property on account of which the defendant is claimed to be liable, is a defect that is cured by verdict. *Fuller* v. *Fuller*, 4 Vt. 123 ; *Wetherby* v. *Foster*, 5 Vt. 136. We see no reason for holding otherwise in cases like the present.

It has often been remarked that the rule requiring an allegation of number or quantity in actions of tort is of little

40

practical utility. The plaintiff is not obliged to prove the number or quantity alleged, and so alleges some number or quantity as a compliance with the rule, without any attempt to qualify himself to make an allegation of substantial accuracy. As the only effect of the allegation is to prevent his recovering more than is alleged, his purpose is ordinarily to allege something altogether beyond reach of his proof; and the result is an allegation which is of no benefit to the defendant. Whatever effect might be given to these considerations in determining a question of sufficiency on demurrer, they certainly justify an adherence to the authorities which hold that omissions of this character are cured by verdict. We are not disposed to hold defective, under the rules applicable to motions in arrest, a declaration which, considered with reference to its sufficiency to support a judgment, is clearly within the requirements of a text-writer of the highest credit, and fairly sustained by ancient precedents. There is certainly as little necessity for unusual strictness in this particular in cases like the present as in any actions of tort. It is evident that when a house or barn is destroyed with its contents, and recovery is sought for both building and contents, a designation of the personal property as the contents of the building carries an element of description which to some extent supplies the want of those statements of number or quantity which are ordinarily given. We hold the allegations of this declaration sufficient to sustain a recovery for whatever is clearly within any class of property therein named.

The plaintiff did not know, and was not permitted to ascertain from the records of the station agent, which of the defendant's engines passed his house shortly before the fire was discovered. It was therefore impossible for the plaintiff to furnish any proof as to the particular engine which he claimed had caused the loss. Under these circumstances it was proper to permit the plaintiff to introduce evidence,

legitimate in its character, as to any of the defendant's engines which had been in use upon the line within a reasonable time before this occurrence.   It has frequently been held in cases of this kind, in view of the plaintiff's difficulty in identifying any particular engine, and of the probability of a similarity in the defendant's equipment, that the plaintiff may put in his evidence upon the theory that all the engines of the defendant in use upon the same line are substantially alike.   *Sheldon* v. *Hudson River R. R. Co.*, 14 N. Y. 218; 67 Am. Dec. 155.

The plaintiff's buildings were one hundred and twenty-five feet from the track, and there was no direct evidence of the communication of sparks.   It was necessary for the plaintiff to overcome any presumption which might arise from the fact of distance against the probability of his claim. As tending to show that cinders from a passing engine might have been carried that distance on the occasion in question, the plaintiff was permitted to prove that previous to this cinders which must have come from a locomotive had fallen upon and burned through an awning in line with the plaintiff's buildings and still further from the track.   The evidence was admissible for this purpose.   It was like evidence of an experiment made use of to show that something which could not be established by direct evidence might have occurred.   See *Kent* v. *Lincoln*, 32 Vt. 591; *Walker* v. *Westfield*, 39 Vt. 246; *State* v. *Flint*, 60 Vt. 304.   It is said in the case last cited that the fact that the conditions are not entirely similar does not make the evidence inadmissible, but merely bears upon its weight.   The fact that this test was available without having been made for the purpose of furnishing evidence, certainly cannot affect its admissibility. As the exceptions do not show how long this was before the occurrence complained of, it must be presumed to have been within such recent period as would have made the evidence admissible in point of time.   Whether evidence of a single

instance of this character would have been admissible for the purpose of showing habitual negligence on the part of the defendant, it is not necessary to consider.

The schedule of goods destroyed was not admitted as evidence, but as a bill of particulars. In the charge it was referred to as a " specification" and as a "list of the property" for which the plaintiff claimed to recover. The defendant excepted to the action of the court in permitting this paper to go to the jury. The paper came into the case without objection, in connection with the plaintiff's direct examination as to the loss and value of the property. It appeared on his cross-examination that the list was prepared with the assistance of his wife, and from further examination that his knowledge of some of the property specified was only general. The defendant insisted that in view of the information obtained after the paper was received it ought not to go to the jury, but did not ask any instructions limiting their consideration of the plaintiff's testimony concerning the property, nor except to any failure of the court in that respect. We think that so long as it was not questioned but that there was evidence to go to the jury as to all the property embraced in the list, it was not error to permit the paper to go into their hands in furtherance of the purpose for what it was received. The jury could not safely pass upon the evidence submitted to them without the aid of such a paper. The nature of the paper and the purpose for which it was received having been clearly indicated at the time of its admission, it was not error to place it before the jury with such limited references to its character as the charge contained. If the defendant desired that the jury be more particularly cautioned as to the use which they were entitled to make of it, the attention of the court should have been called to the matter.

The exceptions present no question as to whether the knowledge of the plaintiff was such that his testimony was

proper to be submitted to the jury as evidence tending to establish the amount and value of the property lost.

*Judgment affirmed.*

Taft, J., concurs in the result.