## FRED H. FARRINGTON *v.* RUTLAND RAILROAD COMPANY.

May Term, 1899.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, START and WATSON, JJ.

Opinion filed September 23, 1899.

*V. S. 3926—Prima facie evidence of negligence*—The fact that a fire caught from sparks thrown from the stack of a locomotive engine on a railroad, is, under V. S. 3926, *prima facie* evidence of negligence on the part of the railroad company.

*Burden of proof*—In such case the burden of proof is on the railroad company to show that due caution and diligence were used and suitable expedients employed to prevent injury from fire.

*Question of negligence for the jury*—Testimony having been introduced by the defendant railroad company tending to show such caution and diligence and the employment of such expedients, it was for the jury to determine the question of negligence in the light of all the evidence in the case, and a motion to have a verdict directed for the defendant was properly overruled.

*Duty of railroad company. No .duty based on conjecture*—A railroad company is required to use the best appliances for safety which have been tested and are in known practical use ; but no duty can be predicated upon a conjecture that the company could have devised some appliance better than any in known practical use.

ACTION on the case—Rutland County, September Term, 1898. *Thompson,* J., presiding. Plea, general issue. Trial by jury. Verdict for plaintiff. Defendant excepted.

The plaintiff sought to recover damages on account of the burning of certain of his buildings. The case is sufficiently stated in the opinion.

*Joel C. Baker* for the plaintiff.

*Frederick H. Button* for the defendant.

WATSON, J. At the close of the evidence, the defendant moved for a verdict for that there was no evidence to sustain the claim of the plaintiff; for that the defendant had established

that it used due care, caution and diligence, and employed suitable expedients to prevent said fire and that such facts were not controverted by the plaintiff, and that the plaintiff had introduced no evidence to controvert such showing. The motion was overruled and the case submitted to the jury, to which defendant excepted. In this, was there error?

It was conceded by the defendant that the fire on the occasion in question caught from sparks thrown from the stack of the engine No. 207, drawing train No. 22, in the grass in Manchester's meadow, and that it spread to Manchester's barn and the plaintiff's barn caught from sparks from Manchester's barn.

The fact that the fire was caused as conceded, was *prima facie* evidence of negligence on the part of the defendant; and this negligence may have been in the construction of the engine, the condition of it, the placing it in charge of unskilful and imprudent persons, or in the management of the engine in an unskilful and imprudent manner. And to relieve itself of responsibility in damages for the property injured thereby, the burden was then upon the defendant to show that due caution and diligence were used and suitable expedients employed to prevent such injury. Sec. 3926, V. S.; *Clevelands* v. *Grand Trunk Ry. Co.*, 42 Vt. 449.

With the plaintiff's case thus made out, the defendant introduced evidence tending to show that the engine was properly constructed, in suitable condition, and in charge of experienced persons; and its evidence tended to show that the engine was drawing a freight train of a certain number of cars, and what was done in the management of the engine. Evidence was also introduced by the defendant tending to show, somewhat in detail, the facts and circumstances relative to the sparks escaping and falling into the dry grass in Manchester's meadow and setting the same on fire, &c.

This was all matter of defence, but whether, in the light of all the evidence in the case, the defendant exercised due caution and diligence and employed suitable expedients to prevent the

injury to the plaintiff's property, was a question for the jury to determine, and the motion for a verdict was properly overruled. *Gleeson* v. *Virginia, etc., Ry. Co.,* 140 U. S. 435; *Houston* v. *Brush,* 66 Vt. 331; *Latremouille* v. *Bennington, etc., Ry. Co.,* 63 Vt. 336; *Bryant* v. *Central Vt. R. R. Co.,* 56 Vt. 710; *Vinton* v. *Schwab,* 32 Vt. 612.

The defendant excepted to the part of the charge, that:

" If you find in view of all the evidence, in the way in which that engine could be operated feasibly, in view of the evidence that it, as a careful, prudent man ought to have used something that would have more effectually prevented the emission of sparks, that it could reasonably and practically have done so, and that with its knowledge in that behalf, as a careful, prudent man, seeking honestly to prevent injury in that way, could have devised something more practical, then it was its duty to use such expedients as would more effectually lessen the liability to cause fire therefrom."

The defendant's uncontroverted evidence tended to show that the engine was supplied with the appliances in general use, by it and other railroads, for preventing the escape of sparks and known as a perforated plate; that the engine was inspected every day and was in good condition; that no better spark arrester was known to the defendant; and that it was not possible to construct an engine and protect it in a way to generate sufficient steam to operate it, that would not throw sparks. But, notwithstanding the uncontroverted evidence in this regard, the jury were instructed to find whether the defendant as a careful, prudent man, ought to have used something that would have more effectually prevented the emission of sparks, whether it could reasonably and practically have done so, and whether it could have devised something more practical; and that if the jury found these facts in the affirmative, it was the duty of the defendant to use such expedient as would more effectually protect the discharge of sparks and thereby lessen the liability to cause fire therefrom. This was instructing the jury to conjec-

ture and thereon base findings of facts upon which to found a right of recovery, and was error. *Driggs* v *Burton*, 44 Vt. 124.

Although the duty of a railroad company, in this regard, seems not to have been expressly defined by the court of this State, it is not a new question, and is well stated in *Flinn* v. *New York, etc., R. R. Co.*, 142 N. Y. 11, as follows:

"The duty of the company to use reasonable care in order to avoid injury resulting to others from the exercise of its powers requires it to avail itself of the best mechanical contrivances and inventions in known practical use which are effective in preventing the burning of private property by the escape of sparks and coals from its engines; and it is liable for injuries caused by its omission to use them. Its duty in this respect is limited to such contrivances as have been already tested and put in use, and it is not required to use every possible contrivance, although already patented and recommended in scientific discussions."

By this rule, the defendant was required to use the best tested spark arrester in known practical use, but it was not bound to test or put in use every possible or new contrivance, and when using the best tested known appliance in practical use, to say that if the defendant could devise something more practical it was its duty to use such devised expedient, was measuring its duty by a rule impractical in principle and unsafe to adopt.

The other questions raised by the exceptions are not considered.

*Judgment reversed and cause remanded.*

*Taft*, C. J., not voting.