WILLIAM H. SMITH *v.* CENTRAL VERMONT RAILWAY COMPANY.

May Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed August 10, 1907.

*Railroads—Fires—Action for Damages—Evidence—Defects in Engines—Photographs—Admissibility—Sufficiency of Evi-dence—Charge—Nonconformity to Pleading.*

The ruling of the trial court on the question of remoteness of offered evidence is not, ordinarily, revisable.

In an action against a railway company for damages caused by a fire started by sparks from its locomotives, it was not error to allow plaintiff's witness to testify that 14 months after the fire, at a place pointed out to him as being where it started, and where the evidence tended to show that it did start, were embers, remains of burned woods, and bushes; the evidence tending to show the origin of the fire being all circumstantial.

The rule that where, in an action against a railway company for damages caused by a fire started by sparks from its locomotives, the fire is shown to have resulted from sparks emitted by a locomotive specifically identified, the evidence as to defective locomotives should be confined to that one, does not apply where neither of the four locomotives that passed the place where the fire originated within a few hours before it was discovered was specifically identified; and defendant's offer made to plaintiff's attorney before trial, to point out "each engine that passed there on that day," was not an offer to point out the locomotive that emitted the sparks.

It was proper to allow plaintiff to testify that three days after the fire, and not more than two minutes after one of defendant's locomotives passed the burnt district, emitting cinders, he saw a fire in the grass on defendant's right of way, as tending to show such a tendency of defendant's locomotives passing over the line to emit sparks as to render it probable that one of them caused the fire in question.

In an action against a railway company for damages caused by fire set by sparks from its locomotives, as tending to show the direction of the wind and the dryness of the surface of the ground, plaintiff was properly allowed to testify that three days after the fire he found partly burned shingles from 600 feet to nearly one-quarter of a mile beyond his burned buildings, though he did not know where they came from, except by hearsay; it being otherwise shown that burning shingles were blown in that direction at the time of the fire, and that fire was in fact carried there by the wind.

Photographs may be verified and used in evidence in the same manner as maps or other diagrams.

In an action against a railway company for setting fires by sparks from its locomotives, photographs showing the appearance and situation of the burnt district, and the combustible material on defendant's right of way were admissible, though the photographer did not testify, and no one in terms testified to their accuracy, but there being testimony tending to show that appearances were fairly represented thereby.

Defendant having introduced expert testimony to show that the screens used on its locomotives both before and since the fire

14

were the same and of good quality, plaintiff was properly allowed, in rebuttal, to put in evidence a piece of partly burned coal and to testify that he found it since the trial began, on the snow near where the fire was supposed to have started, within two feet of defendant's right of way fence, 18 or 19 feet higher than, and 41 feet from the track.

Where the declaration charged a railway company with negligence in allowing combustible material to accumulate on its right of way, the setting fire thereto by sparks from its locomotives, and negligence in allowing the fire to spread to plaintiff's damage, it was not essential to a recovery that plaintiff should show any negligent defect in the locomotive, or negligence in its management, nor that the igniting sparks came from any particular locomotive.

In an action against a railroad company for setting fires by sparks from its locomotives, evidence considered and *held* sufficient to show that the fire was started by sparks from one of defendant's locomotives.

Since every count in the declaration alleges that the fire was set by sparks from defendant's locomotives, it was error to instruct the jury that, if the fire started in combustible material that defendant negligently allowed to accumulate on its right of way, plaintiff could recover, "Whether the fire was set by some other person or by defendant's engines," although there was no evidence that the fire was "set by some other person."

CASE for negligence. Plea, the general issue. Trial by jury at the December Term, 1906, Orange County, *Waterman,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion fully states the case.

*C. W. Witters* and *C. S. Palmer* for the defendant.

It was error to admit the testimony of the witness Flint as to the appearance of the burnt district 14 months after the fire, as tending to show its origin. That was allowing the jury to guess as to defendant's liability. This class of evidence is restricted to cases where there is no direct evidence that the fire was set by sparks from defendant's locomotives, and where plaintiff does not know, and cannot ascertain from defendant's

records which of its locomotives passed the place shortly before the fire, and defendant claims that the sparks could not reach plaintiff's property. *Hoskinson* v. *Central Vermont R. Co.,* 66 Vt. 618; *Ross* v. *Boston etc. R. Co.,* 6 Allen 87; *Menominee River etc. Co.* v. *Milwaukee etc. R. Co.,* 91 Wis. 447.

Where the fire is shown to have been caused, or in the nature of the case could only have been caused, by sparks from an engine which is known and identified, the evidence should be confined to that engine; and testimony tending to prove negligence in management of or defects in other engines of the defendant is irrelevant and inadmissible. *Henry* v. *So. Pac. R. Co.,* 50 Cal. 176; *Hopeston etc. Bank* v. *L. E. etc. R. Co.,* 174 Ill. 36; *Ireland* v. *Cincinnati etc. R. Co.,* 79 Mich. 163; *Haseltine* v. *Concord R. Co.,* 64 N. H. 545; *Gibbons* v. *Wis. Valley R. Co.,* 58 Wis. 335; *Jacksonville etc. R. Co.* v. *P. L. etc. Co.,* 49 Am. & Eng. R. Cas. 603.

The refusal to compel plaintiff to make his election, and the allowing him to introduce general testimony as to defendant's other engines, must have prejudiced defendant's case before the jury, and was wholly unwarranted. *Nelson* v. *Chicago etc. R. Co.,* 35 Minn. 170.

It is not negligence *per se* for a railroad company to permit grass or other combustible material to grow or accumulate on its right of way. *Gram* v. *Northern Pac. R. Co.,* 1 N. Dak. 252; *Chicago etc. R. Co.* v. *Goyette,* 133 Ill. 21; *Taylor* v. *Pennsylvania etc. R. Co.,* 174 Pa. St. 171; *Texas etc. R. Co.* v. *Medaris,* 64 Tex. 92; *Chicago etc. Co.* v. *Burger,* 124 Ind. 275; *Ohio etc. Co.* v. *Shauefelt,* 47 Ill. 479; *Pittsburg etc. Co.* v. *Nelson,* 51 Ind. 150; *Ill. Cent. R. Co.* v. *Frazier,* 47 Ill. 504; *Tribette* v. *Ill. Cent. R. Co.,* 71 Miss. 212.

*March M. Wilson, John J. Wilson* and *R. M. Harvey* for the plaintiff.

The plaintiff was entitled to a verdict and judgment on the undisputed evidence in the case on the grounds set forth in the third count without any reference to the other two counts. Every material fact, necessary to sustain a judgment on this count, is in the case, standing on competent and uncontradicted evidence. To recover under this count it was not necessary to

show any defect in the defendant's engines. *Smith* v. *London etc. Co.,* L. R. 5 C. P. 98; *Richmond* v. *Medley,* 7 Am. & Eng. R. Cas. 495; *Grand Trunk* v. *Richardson,* 91 U. S. 454; *Webb* v. *Rome,* 10 Am. Rep. 389.

It was proper to admit plaintiff's testimony that three days after the fire in question, defendant's engine set another fire in the same vicinity. *Richmond* v. *McNeill,* 10 Am. & Eng. R. Cas. 691; *Dunning* v. *Maine Cen.,* 91 Me. 87; *Gorham Mfg. Co.* v. *N. Y. etc. Co.,* 60 Atl. 638; *Shelley* v. *Philadelphia R. R. Co.,* 60 Atl. 581.

WATSON, J. The plaintiff seeks to recover damages for loss of buildings and contents by fire alleged to have been started on the defendant's right of way by sparks emitted from its locomotive engines, April 1, 1905. A certified transcript of the entire case is made a part of the bill of exceptions, and is to control.

The plaintiff's evidence tended to show that on the day above named a fire was started in the dry grass, weeds, and brush on defendant's right of way about one-half of a mile north of the railroad station at Bethel; that the land was very dry and the wind blowing toward the southeast; that the fire burned from the railroad right of way onto the land of William G. Shaw, and from his land the sparks and fire were carried to his barn, setting fire to it, and from Shaw's burning barn to the buildings of the plaintiff, which with their contents were destroyed. Without objection the plaintiff introduced evidence tending to show that about that time cinders flew every day from trains being operated on that part of defendant's road; that immediately after the fire a large quantity of coal cinders were found on defendant's land in the locality where the fire started, some of them very near an inch long and half an inch wide, and that like cinders were found also in the adjoining field, ten or twelve feet from the fence.

R. I. Flint, a civil engineer, and witness called by the plaintiff, testified to certain measurements made by him in June of the next year, and to making a plan which was used as an exhibit in the case; that he was shown a point and told it was where the fire started. Evidence was introduced later in the trial tending to show that the fire did in fact start there. Subject to exception, the witness was permitted to testify that in

the locality pointed out "were embers, remains of burned woods and bushes and cinders," and that by "cinders" he meant "particles of partly burned coal" which he carefully examined.     It was essential to the plaintiff's case to show the origin of the fire as alleged.     The evidence bearing thereon was all circumstantial.     The appearance of the surface where the fire started with reference to combustible matter partly burned and cinders such as were described by the witness, was relevant evidence upon that issue.     The question of remoteness in time was a preliminary one, determined by the trial court, and nothing appears to take it out of the ordinary rule excluding revision.

The plaintiff testified that three days after the fire in question he went over the burned district, on which occasion when near the place where the fire started he saw "the 2:30 passenger train" going north; that "cinders flew out and dropped along," and that after the train passed "there was a little fire in the grass."     He was then allowed to testify, against defendant's objection, that he saw this fire not more than two minutes after the train passed; that it was between the track and the fence, and burned through under the fence, about two hundred feet north of where he was standing, as tending to show the dryness of the surface, the character, habit, propensity, and poor condition of defendant's locomotives, and that the cinders which escaped from them would set fire to combustible material.     It is urged that this was error, since (1) the defendant offered to point out to the plaintiff, and to give a history of, each engine which passed that point on the day of the fire in question, and to give him an opportunity to inspect the same, but the plaintiff neglected to avail himself thereof; and (2) the evidence related to another engine and subsequent to the fire in question.     There was no evidence that this was the same engine.

The doctrine first invoked under this exception is that where the injury complained of is shown to have been caused by sparks from an engine which is specifically known and identified, the evidence should be confined to that engine.     Hereon it appears that on May 2, 1905, defendant's attorney wrote a letter to plaintiff's attorney offering to point out to him each engine which passed the place of the beginning of the fire causing the loss on the day it occurred, and to give him an opportunity to examine it, and that a history of the character of the netting and spark arresters in each would be given him if he

so wished. In reply thereto by letter the day following the plaintiff's attorney said, ''I will communicate to those interested what you say about inspecting engines. Do you mind giving me number and name of engine which passed north about 12:30 (noon) on day of fire?'' The record does not show any reply to this letter; indeed, in discussing before the court below the matter of admitting the two letters in evidence, it was stated by plaintiff's counsel without contradiction that no reply was made. Nor does it appear that any engines were thus pointed out or inspection had.

The evidence does not show the number of trains that passed over the road on the day in question, but it appears that there were four or more within a few hours previous to the time when the fire was discovered. According to some of the evidence a train passed about 12 o'clock, noon, and smoke was seen coming from the locality of the setting out of the fire within less than fifteen minutes thereafter. Other evidence tended to show that the fire was discovered shortly after the passing of the freight train going north, which left Bethel at 12:30 o'clock. It is not claimed that any of the engines hauling the four or more trains passing within the few hours previous to the discovery of the fire were specifically known and identified. And the effect of an offer to point out the offending engine we need not consider, for no such offer was made. As before seen, it was to point out ''each engine that passed there on that day.'' Whatever may be said regarding the soundness of the modified rule contended for, when applicable, surely the record before us does not present a case that comes within it. In Pennsylvania it is held that where the injury complained of is shown to have been caused, or in the nature of the case could only have been caused, by sparks from an engine which is known and identified, the evidence should be confined to the condition of that engine, its management, and its practical operation. Yet in *Henderson* v. *Philadelphia etc. Ry. Co.*, 144 Pa. St. 461, 27 Am. St. Rep. 652, where the evidence showed that four engines drawing trains had passed within an hour before the discovery of the fire, three of them being unknown and unidentified, and the one to which the fire was attributable not definitely ascertained, it was held competent for the plaintiff to prove that the defendant's locomotives generally, or many of them, at or about the time of the occurrence, threw sparks of unusual size, and kindled numer-

ous fires upon that part of the road, to sustain or strengthen the inference that the fire originated from the cause alleged. In *Hoskinson* v. *Central Vt. R. Co.*, 66 Vt. 618, 30 Atl. 24, it was impossible for the plaintiff to furnish any proof as to the particular engine which he claimed had caused the loss. It was held that under those circumstances the plaintiff was properly allowed to introduce evidence as to any of defendant's engines which had been in use upon the line within a reasonable time before the alleged fire. In *Grand Trunk Ry. Co.* v. *Richardson*, 91 U. S. 454, 23 L. ed. 357, defendant's railroad bridge first took fire, from which the fire was carried to the plaintiff's mill. The plaintiff's testimony tended to show that the fire originated from the locomotive of one of two known trains, but the particular engines drawing those trains were not identified. One assignment of error was, that the plaintiffs were allowed to prove, under objection, that at various times during the summer before the fire occurred, some of the defendant's locomotives scattered fire when going past the mill and bridge, without showing that either of those which plaintiffs claimed communicated the fire was among the number, and without showing that the locomotives were similar in their make, their state of repair or management, to those claimed to have caused the fire. It was held that the crossing the bridge by defendant's engines not long before it took fire raised at least some probability, in the absence of proof of any other known cause, that they caused the fire; and that this probability was strengthened by the fact that some engines of the same defendant, at other times during the same season, had scattered fire during their passage.

The precise question raised by the second ground of the exception does not appear to have been passed upon in this State. As just seen, the question presented in the *Hoskinson* case had reference to other engines before the injury complained of. So in *Clevelands* v. *Grand Trunk Ry. Co.*, 42 Vt. 449, where the evidence received was, "that on or about the time of the fire in question, the engines in use by the defendants, running past the plaintiff's mills, generally and habitually scattered fire from the ash-pans and smoke-stacks," the times to which the evidence related were all before the fire occurred. There the defendants had a large number of engines which they used indiscriminately over that part of the road. The evidence was held to have been properly admitted, since the inference would

be from it, in connection with evidence tending to show that engines which so scattered fire as that it kindles along the roadside, are not of proper construction and suitable repair, that the fire in question was caused by one of those defective engines. In *Henderson* v. *Philadelphia etc. Ry. Co.*, 144 Pa. St. 461, 27 Am. St. Rep. 652, it was held that evidence of this character should be confined to the negligent operation of the engines at or about the time of the fire, with such reasonable latitude, before and after the occurrence, as is sufficient to render the proof practicable. In *Field* v. *N. Y. Central R. R. Co.*, 32 N. Y. 339, subject to exception, a witness was allowed to testify that he had frequently seen live coals on the track, "before and since" the fire; that it was a very common thing. The testimony was held to have a bearing on the question of the cause of the fire, and properly admitted. Evidence of the same character regarding other engines both before and after the occurrence in controversy, was held legitimate for the same purpose in *Gowen* v. *Glaser*, (Pa.) 3 Cent. Reporter, 109; *Campbell* v. *Missouri Pacific Ry. Co.*, 121 Mo. 340, 42 Am. St. Rep. 530; *Alabama & V. Ry. Co.* v. *Aetna Ins. Co.*, (Miss.) 35 So. 304; *Koontz* v. *O. R. & N. Co.*, 20 Ore. 3. And in *Matthews* v. *Missouri Pacific Ry. Co.*, 142 Mo. 645, evidence relating wholly to another engine subsequent to the fire causing the damage was held properly received.

Although there is not a unanimity of decision on the question, we think it may be said from the weight of authority that this kind of evidence is admissible as tending to show such a capacity or tendency in the class of engines passing over the line to emit sparks as to be evidence tending to prove the possibility, and a consequent probability, that the fire in question was caused by one of defendant's engines. And we see no good reason for any difference in the tendency of such evidence whether it relates to other engines within a reasonable time before, or within a reasonable time after, the occurrence of which complaint is made.

For the purpose of showing the force and direction of the wind, also the dryness of the surface of the ground, at the time of the fire, the plaintiff was allowed to testify, subject to exception, that on the third day after the fire he found shingles partly burned in Marsh's pasture, some on what is called the "Ed Armour place," and some back of Mr. Preston's house.

This house is in the vicinity of six hundred feet southeast of where Shaw's buildings were burned. The other places named are farther in the same direction, the farthest being nearly one-quarter of a mile. The admission of this evidence was not error. Nor was there error in overruling defendant's motion to strike out the testimony thus given because the witness testified in cross-examination that he did not know where the partly burned shingles came from, except as others told him. It was otherwise shown that burning brands and shingles were carried in that direction at the time of the fire, and that fire was in fact carried there by the wind which was blowing toward the southeast.

Exception was taken to the admission of four photographs in evidence, as showing the appearance and situation of the ground burned over, the combustible material on defendant's right of way, and the remains of such material on that territory. They were objected to as incompetent, and that no proper foundation had been laid for their introduction. True, the person by whom the photographs were taken was not called, as a witness, and no one in terms testified to their accuracy. Several witnesses, however, gave evidence tending to show that the appearances in the respects named were fairly represented therein. One witness testified to being present right away after the fire when some of them were taken. Photographs may be proved and used in evidence in the same manner as maps or other diagrams. It cannot be said that they were improperly admitted. *Archer* v. *N. Y., N. H. & H. R. R. Co.,* 106 N. Y. 589; *People* v. *Jackson,* 111 N. Y. 362; *Alberti* v. *N. Y., L. E. & W. R. R. Co.,* 118 N. Y. 77.

The defendant introduced expert evidence tending to show the good quality and capacity of the screens of netting used on its engines; that its engines generally were in the same state of repair before as after the fire; and that the same system of screening was still in use by it. In rebuttal the plaintiff testified that since the trial began he had noticed pieces of partly burned coal near the point where the fire was supposed to have originated, along on the snow within a foot and a half or two feet of the fence of defendant's right of way, 18 or 19 feet higher up than the track, and about 41 feet from the rail. One of the pieces of coal thus found was introduced as an exhibit subject to exception on the ground that it was incompetent and

immaterial, as tending to impeach the judgment of defendant's experts as to the quality and capacity of the screens used. We think it may fairly be inferred that these pieces of partly burned coal were thrown out by some passing locomotive. The evidence was therefore relevant for the purpose for which it was received. "It was like evidence of an experiment made use of to show that something did in fact happen" which had a tendency to lessen the credibility of the testimony given by defendant's expert witnesses. A partial dissimilarity of conditions bears more upon the weight of such evidence than on its admissibility. *Hoskinson* v. *Central Vt. R. Co.,* 66 Vt. 618, 30 Atl. 24; *State* v. *Flint,* 60 Vt. 304, 14 Atl. 178. What we have said in an earlier paragraph touching remoteness is equally applicable here.

Exception was saved to the overruling of the motion that plaintiff be required to specify and elect which train he complains of, and in respect to the management of which train he charges the defendant with negligence. The third count charges negligence in suffering and permitting combustible material to gather, accumulate, etc., on defendant's right of way; the setting fire thereto by sparks from its engines, and negligence in allowing the fire to spread, etc. It is not necessary to a right of recovery under this count that any negligence in the construction or management of the engines be proved. Nor that the igniting spark or sparks be shown to have come from any particular one of defendant's engines. *Smith* v. *London and South Western Ry. Co.,* L. R. 6 C. P. 14, 18 Eng. Rul. Cas. 726; *O'Neill* v. *N. Y., O. & W. R. Co.,* 115 N. Y. 579; *Delaware etc. R. Co.* v. *Salmon,* 39 N. J. L. 299, 23 Am. Rep. 214. It follows that the motion was properly overruled.

The defendant excepted to the overruling of its motion for a verdict, at the close of the evidence, on the grounds (1) that no competent evidence had been introduced tending to show that the fire which destroyed the plaintiff's property originated with any engine operated by the defendant; and (2) that there was no proof that any fire set out by defendant's engines continued or extended to and was the proximate cause of the destruction of the plaintiff's property. But there was no error in this ruling. The evidence tends to show negligence by the defendant in permitting dry weeds, dry grass, and brush to accumulate and remain on its right of way in the locality where the

evidence tends to show the fire in question started, whence it spread to and consumed the plaintiff's property. It is not necessary here to discuss in detail the evidence of the origin of the fire. Suffice it that under our holdings on the questions already discussed, the record shows considerable evidence tending to show that the fire was set out by sparks from one of defendant's locomotives. No contention is made but that if the fire thus originated and was continuous, without the intervention of any new and independent cause, and consumed the plaintiff's property, it was the proximate cause of the injury.

In a supplemental charge to which exception was taken, the jury were instructed in substance that if the fire originated in combustible material which was negligently allowed to accumulate along defendant's right of way, and spread therefrom until it destroyed the plaintiff's property, then the plaintiff would be entitled to recover, no matter how the fire got into the combustible material, "whether set by some other person, or by the defendant's engines," defective or not defective.

Every count of the declaration alleges in effect that the fire was set by live sparks and fire from defendant's engines. There is no allegation that it originated in any other way. There was no evidence tending to show that it was "set by some other person." The charge permitted the plaintiff to recover, even though the fire was set by a trespasser,—a basis of fact outside of the scope of the declaration, and outside of the evidence in the case. This was error.

*Judgment reversed and cause remanded.*