OLIVER C. HUNTLEY *v.* RUTLAND RAILROAD COMPANY.

October Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 7, 1910.

*Railroads—Fires—Burden of Proof—Presumptions as Evidence
—Evidence—Discretion of Trial Court—Instructions—Consideration of Testimony.*

In an action against a railroad company for damages caused by fire
kindled by sparks emitted from a locomotive, evidence that before
and after the fire in question defendant's locomotives emitted
cinders that set fire in that locality, whether offered directly to
show defendant's liability, or to show the distance a live cinder
could be thrown in the circumstances, is admissible only on the
assumption that the locomotives in each case were substantially
alike, and the determination of the period within which that
assumption shall be made is in the discretion of the trial court.

Charge to the jury examined, and *held* that the instruction that the
jury must reconcile all the evidence in the case, if possible, on
the theory that it was all true, when construed with other in-
structions, did not prevent a proper consideration of the evidence.

In an action against a railroad company for damages caused by fire
kindled by sparks emitted by a locomotive, where it appears that
the fire was so set, the burden, under P. S. 4510, is on defendant
to prove that it used the best spark arrester in known practical
use, and used due care in managing the locomotive; but that
statute does not create a presumption of negligence to be weighed
as evidence against defendant.

CASE for negligence. Plea, the general issue. Trial by jury
at the December Term, 1908, Addison County, *Stanton,* J., pre-
siding. Verdict and judgment for the defendant. The plain-
tiff excepted. The opinion sufficiently states the case.

*Davis & Russell* for the plaintiff.

It was error to exclude plaintiff's offered evidence that fourteen months previous to the fire cinders from defendant's locomotive fell on one of plaintiff's buildings, as bearing on the distance a live cinder could be thrown. *Hoskinson* v. *Central Vermont Ry. Co.,* 66 Vt. 618; *State* v. *Flint,* 60 Vt. 304; *Walker* v. *Westford,* 39 Vt. 246; *Kent* v. *Lincoln,* 32 Vt. 591.

The presumption of negligence on defendant's part, where it is shown that the fire in question was set by its locomotive, is, under P. S. 4510, in the nature of evidence to be considered against defendant. *In re Rogers' Will,* 80 Vt. 259; *In re White's Will,* 78 Vt. 479; *West Side etc. Co.* v. *Chi. etc. Co.,* 95 N. W. 193; 2 Thomp. on Neg. §2287.

The reputation of a witness is presumed to be good until impeached, but there is no presumption that his testimony is true, and the instruction to the contrary was error. 3 Wig. Ev. §2034; *State* v. *Taylor,* 57 S. C. 483; *Bourda* v. *Jones,* 110 Wis. 52, 85 N. W. 671; *Hauser* v. *People,* 210 Ill. 253. A witness may be impeached or contradicted as well by circumstances as by the testimony of other witnesses. *Lee Sing Far* v. *United States,* 94 Fed. 834; *Quock Ting* v. *United States,* 140 U. S. 417; *Elwood* v. *Telegraph Co.,* 45 N. Y. 549.

*E. W. Lawrence, Alexander Dunnett* and *P. M. Meldon* for the defendant.

"The question of remoteness in time was a preliminary one, determined by the trial court, and nothing appears to take it out of the ordinary rule excluding revision." *McQuiggan* v. *Ladd,* 79 Vt. 90; *State* v. *Bean,* 77 Vt. 384; *State* v. *Doherty,* 72 Vt. 381; *Dover* v. *Winchester,* 70 Vt. 418.

The offered testimony as to cinders emitted was inadmissible as it did not appear that it concerned the engine which was alleged to have set the fire. Elliott on Railroads, 2nd Ed., §1243 a; Thompson on Negligence, Supp. of 1907, 432, Note 101; Redfield on Railroads, §677; *Henderson* v. *R. R. Co.,* 144 Pa. St. 461, 27 Am. St. 652; *First Nat. Bank* v. *L. E. etc. R. Co.,* 174 Ill. 36, 50 N. E. 1023; *Ireland* v. *Cincinnati etc. R. Co.,* 79 Mich. 163; *Gibbons* v. *Railroad Company,* 58 Wis. 335; *Jacksonville etc. R. Co.* v. *P. L. etc. Co.,* 49 Am. & Eng. R. R. Cas. 603.

Any presumption of negligence there may be arising from establishment of the fact of setting the fire is not itself to be weighed as evidence. *Gleeson* v. *Virginia Midland R. R. Co.,* 140 U. S. 435; *Houston* v. *Brush,* 66 Vt. 331; *Latremouille* v. *B. & R. Ry. Co.,* 63 Vt. 336; *Bryant* v. *C. V. Ry. Co.,* 56 Vt. 710; *Vinton* v. *Schwab,* 32 Vt. 612; *Louisville etc. R. R. Co.* v. *Marbury Lumber Co.,* 50 L. R. A. 620; *Kelsey* v. *Chicago etc. Co.,* 45 N. W. 204; *Koontz* v. *Oregon etc. Co.,* 23 Pac. 820; *Burroughs* v. *Hoosatonic R. R. Co.,* 38 Am. Dec. 64; *Kentucky Central R. R. Co.* v. *Talbot,* 78 Ky. 821; *A. T. etc. Ry. Co.* v. *Geiser,* 68 Kan. 281, 1 Am. & Eng. Ann. Cases 812; *Dolph* v. *L. S. etc. Ry. Co.,* 149 Mich. 278; 2 Comp. Laws, Mich. §6295; *Clark* v. *G. T. etc. Co.,* 149 Mich. 400, 12 Am. & Eng. Ann. Cases 559; *Woodward* v. *Chicago etc. Co.,* 145 Fed. 577; *Continental Ins. Co.* v. *C. & N. etc. Ry. Co.,* 97 Minn. 467, 5 L. R. A. (N. S.) 99; *Burud* v. *Ry. Co.,* 62 Minn. 243; *Daly* v. *C. N. & St. P. Ry. Co.,* 43 Minn. 319; *Carson* v. *Ry. Co.,* 29 Minn. 14, 11 N. W. 122; *Toledo etc. R. R.* v. *Star Flouring Mills Co.,* 146 Fed. 953; *Huber* v. *C. M. etc. Ry. Co.,* 43 N. W. 819; *Olmstead* v. *R. R.,* 27 Utah 515; *Menominee River Sash & Door Co.* v. *Railroad Co.,* 91 Wis. 447; *Spaulding* v. *C. & N. W. Ry. Co.,* 33 Wis. 582; *Osbourne* v. *Oregon etc. R. Co.,* 98 Pac. 627; *Southern Ry. Co.* v. *Pace,* 114 Ga. 712; *Hemmi* v. *Railway Co.,* 102 Iowa 25; *Greenfield* v. *Railway Co.,* 83 Iowa 270.

MUNSON, J.     The buildings destroyed stood about ninety feet from defendant's track, and there was no direct evidence as to the origin of the fire. The fire was discovered about twenty-five minutes after the passing of the north-bound sleeper. The plaintiff did not undertake to show what engine operated this train, but the engine was afterwards identified by uncontradicted evidence of the defendant. At the opening of the case the plaintiff offered evidence which tended to show that both before and after the occurrence complained of the defendant's locomotives had thrown sparks in this locality which had caused fires. The evidence was received on the theory of a similarity of construction and equipment, and in admitting it the court said it would receive evidence of the conduct of defendant's engines in this vicinity within a year before and a year after the fire. The plaintiff afterwards offered to show that about four-

teen months previous to the fire, when an engine was going past the plaintiff's buildings and there was no appreciable wind, cinders were seen to fall on the roof of one of the buildings, and that fire was discovered there a few minutes later; and this evidence was excluded. The evidence was offered as bearing upon the distance which a live cinder could be thrown under the conditions stated, and the plaintiff would distinguish this from the evidence regarding which the court had fixed a limit; but we think no such distinction can be made. Evidence of this character, whatever the similarity of the known conditions, and whatever the special bearing claimed for it, is received on the assumption that the engines were substantially alike, and the determination of the period for which this assumption shall be made is a matter of discretion. This was evidently the view taken in *Hoskinson* v. *Central Vt. Ry. Co.*, 66 Vt. 618, 626, 30 Atl. 24, the case most relied upon by the plaintiff. See also *Smith* v. *Central Vt. Ry. Co.*, 80 Vt. 208, 67 Atl. 535.

The plaintiff excepted to the charge that it was the duty of the jury to reconcile all the evidence in the case, if possible, upon the theory that it was all true. This instruction, standing alone, might be questionable; but its effect here is to be determined upon a consideration of several related clauses. In the sentence following the one complained of the jury were told that they should not find that one piece of evidence contradicted another until they had examined both sufficiently to warrant the conclusion that they were contradictory. It was said in the same connection that a witness was presumed to be truthful unless there was something in the case that tended to show the contrary; and among the things to be considered in determining the matter the court mentioned the appearance of the witness on the stand and any interest he might have in the result of the suit. The court afterwards referred particularly to the testimony of defendant's employees, and said the jury were not to assume that they committed perjury because they worked for the railroad, but were to give them the same credence that they gave the other witnesses until they discovered something in the evidence that warranted them in doing otherwise. The court also referred to the testimony of the experts, and told the jury that they were not bound by their testimony, but were to canvass and weigh it as they would the testimony of any other

witness, and were to say, upon a consideration of all the circumstances disclosed by the evidence, how the fact was. It is evident from these further instructions that the jury cannot have been withheld from a proper consideration of the evidence by the language first employed.

The statute provides that "a person or corporation owning or operating a railroad shall be responsible in damages for a building or other property injured by fire communicated by a locomotive engine on such road, unless due caution and diligence are used and suitable expedients employed to prevent such injury." P. S. 4510. The plaintiff's requests to charge embraced three propositions based upon this statute; first, that if the jury should find that the fire was caused by sparks thrown from defendant's engine, that fact would be *prima facie* evidence that the defendant did not use due caution and diligence nor employ suitable expedients to prevent the injury; second, that the finding of that fact would raise a presumption that the defendant did not use due diligence nor employ suitable expedients; third, that the presumption thus arising was to be weighed as evidence in determining whether the defendant was negligent in either respect. In the beginning of its charge the court said the burden of proof in this case was on the plaintiff; but when the court had given its instructions regarding the origin of the fire, and had come to the questions arising under the statute, it told the jury, in substance, that if it were found that the fire was caused by sparks from the locomotive, the burden would be upon the defendant to prove that it had employed the best spark arresters in known practical use, and had used due caution in the care and management of the engine, and that if it had failed to establish these facts by a fair balance of evidence the plaintiff was entitled to a verdict. This was a full compliance with the claims presented in the first two propositions, and was in accord with the opinion in *Farrington* v. *Rutland R. R. Co.,* 72 Vt. 24, 47 Atl. 171.

The plaintiff's exception to the court's failure to comply with his last request raises the question whether the statute creates a presumption that is to be weighed as evidence. There is certainly nothing in the language of the statute that indicates a purpose to do this. The purport of the provision is that proof that an engine caused the fire shall charge the company with the

duty of compensation, unless it has taken proper precautions to prevent the fire. It is difficult to find more in this than an intention to shift the burden of proof on the question of negligence from the plaintiff to the defendant. The reason for such a rule is apparent. The conditions most essential to the inquiry are known to the defendant, and not easily ascertainable by the plaintiff. But this reason calls for nothing beyond the change of procedure. It is clear that the presumption arising under this statute, if it be termed a presumption, is merely locative, and not of probative force,—as explained in *Sheldon* v. *Wright,* 80 Vt. 298, 67 Atl. 807.

*Judgment affirmed.*